IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

    Plaintiff,          ORDER

   v.             06-CR-153-C-01

TERRELL BANKS,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  A hearing on the revocation of Terrell Banks's supervised release was held in this case on November 1, 2007, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Timothy O'Shea. Defendant was present in person and by counsel, William Jones. Also present was United States Probation Officer Michael D. Harper.

  From the record and stipulation I make the following findings of fact.

FACTS

  Defendant was sentenced in the Eastern District of Wisconsin, in Case No. 01-CR-193, on March 4, 2004, following his conviction for conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 30 months, with a 36-month term of supervised release to follow, and ordered to pay a fine of $1,000.

As special conditions of supervised release, defendant was required to pay the balance of the fine at a rate of no less than $25 a month.

Defendant began his term of supervised release on June 7, 2006, in the Western District of Wisconsin. Jurisdiction was transferred from the Eastern District of Wisconsin on August 7, 2006.

Defendant has stipulated to violating General Condition No. 2, by illegally possessing 23.5 grams of cocaine base.

CONCLUSIONS

Defendant's conduct falls into the category of a Grade A violation, as defined by §7B1.1(a)(1)(A)(ii) of the sentencing guidelines policy statement for violations of supervised release.  18 U.S.C. § 3583(g) requires that his term of supervised release be revoked because defendant illegally possessed a controlled substance.  Accordingly, the three-year term of supervised release, imposed on defendant on March 4, 2004, will be revoked.

Defendant's criminal history category is III with a Grade A violation and a criminal history category of III result in a guideline imprisonment range of 18 to 24 months.  The statutory maximum to which defendant can be sentenced upon revocation is two years, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the previous offense for which he was sentenced was a Class C felony.

I have selected a sentence at the top of the guideline range because defendant illegally possessed at least 23.5 grams of cocaine base, which is similar conduct to his original offense of conviction, which involved the illegal possession and distribution of cocaine base in the Eastern

District of Wisconsin. A sentence at the top of the guideline range is necessary to hold defendant accountable and to protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 24 months. I recommend that defendant serve the last 60 days of his confinement in a federally approved residential re-entry center, with work release privileges. No period of supervised release shall follow imprisonment. Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered this 16th day of November 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
Chief District Judge